IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TRAVIS NISSEN, Defendant. | Case No. CR10-2012<br><br>ORDER FOR PRETRIAL DETENTION |

On the 16th day of April, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Peter E. Deegan, Jr. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## RELEVANT FACTS

On April 2, 2010, Defendant Travis Nissen was charged by Indictment (docket number 2) with possessing and accessing child pornography. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 14, 2010. The issue before the Court at this time is whether Defendant should be detained pending further proceedings. By agreement of the parties, the evidence was submitted by proffer.

Mr. Deegan advised that the Court that in 2008, Defendant was living with his wife in Tripoli, Iowa. Following a domestic disturbance, Defendant's wife left the home. According to the pretrial services report, Defendant was charged in state court on August 8, 2008 with child endangerment and domestic abuse assault causing bodily injury. Defendant entered *Alford* pleas to both counts on March 29, 2010 and is awaiting sentencing.

1

Defendant and his wife have two children, ages 4 and 2. The children are in foster care. In January 2009, a juvenile judge found by clear and convincing evidence that both Defendant and his wife had sexually abused one of their daughters, who was then age 3. However, no criminal charges have been filed as a result of the alleged abuse.

On January 23, 2009, a search warrant was executed on a computer at Defendant's residence. No sexually explicit images of Defendant's daughter were found, although authorities determined that files were deleted from the computer just a couple of hours prior to the search warrant being executed. The files were deleted shortly after Defendant's wife spoke with authorities.

While it is somewhat unclear to the Court, "thumbnails" were found suggesting that child pornography had been deleted from "movie maker" software, and from another location in the computer. Apparently, however, child pornography was found in the temporary internet files.

According to the pretrial services report, Defendant is 37 years old. As set forth above, he is separated from his wife, and has two young children from his current marriage. Defendant was previously married and has two boys, ages 19 and 17, from that relationship. The boys live with him in Waterloo. Defendant earned a GED and an associates degree in applied sciences, with a focus on heating and air conditioning.

Defendant has been unemployed since the summer of 2009, when he worked part time as a rock climbing instructor. Apparently, Defendant's last full time employment was as a maintenance worker at a motel in Waverly. Defendant receives social security benefits as a result of attention deficit hyperactivity disorder (ADHD) and panic disorder. In 2002, Defendant was diagnosed with bipolar disorder, depression, and methamphetamine dependence. Defendant also reported that he has been diagnosed in the past with agoraphobia and social anxiety.

Defendant admitted that from age 26 to January 1, 2005, he was a regular user of methamphetamine. Defendant used methamphetamine at least twice weekly during that time and, in late 2004, used it on a daily basis for about three months. Defendant

completed inpatient substance abuse treatment at Pathways in Waterloo in early 2004 and again in early 2005.

In 2002, Defendant was charged and later convicted with possession of drug paraphernalia. In 2003, Defendant was charged with manufacturing methamphetamine and two counts of child endangerment. He subsequently received a ten-year suspended prison term, with a condition of probation being that he reside at a residential facility for 180 days. Defendant's state probation officer reported that he "did well on supervision."

Defendant was on probation for the manufacturing methamphetamine charge when he was arrested in 2008 for child endangerment and domestic abuse assault causing bodily injury. As indicated above, Defendant entered *Alford* pleas on March 29, 2010 and sentencing is scheduled on May 24, 2010.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the

3

community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possessing and accessing child pornography, offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with accessing and possessing child pornography. Based on the limited proffer made at the time of hearing, it is difficult for the Court to assess the weight of the evidence against Defendant. While Defendant has long ties to the north central Iowa area, he has apparently not worked full time since 2006. Defendant has a serious history of drug abuse, although he advised the pretrial services officer that he last used methamphetamine on January 1, 2005. Defendant's criminal record includes multiple convictions for drug-related offenses, as well as multiple convictions for child endangerment. Recently, Defendant entered an *Alford* plea to domestic abuse assault causing bodily injury. Of particular significance to the Court is the finding by a juvenile judge that Defendant sexually abused his 3-year-old daughter.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 14, 2010) to the filing of this Ruling (April 16, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 16th day of April, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA